IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ERIC NORMAN OLSEN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UTAH DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:20-cv-00087-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

## I.　　BACKGROUND

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 6). On February 12, 2020, *pro se* Plaintiff Eric Normal Olsen (Plaintiff) filed his Complaint against Defendants (ECF 3) and was granted leave to proceed *in forma pauperis* (ECF 2). Plaintiff then filed motions for appointment of counsel and service of process (ECF 4; ECF 5). In an Order dated September 25, 2020 (the Order), the court denied these motions, outlined the deficiencies in Plaintiff's Complaint, and ordered Plaintiff to file an amended complaint addressing these deficiencies within thirty (30) days (ECF 7). The Order warned Plaintiff that failure to comply may result in dismissal of this action (*Id.*). As of the date of this Report and Recommendation, Plaintiff has not filed an amended complaint or otherwise responded to the Order. Before the court is the matter of Plaintiff's failure to prosecute this case.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see also* DUCivR 41-2 (allowing dismissal for failure to prosecute). This court may dismiss actions *sua sponte* for failure to prosecute. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (noting courts have inherent authority to clear "their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). In determining whether dismissal is appropriate, the court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994)).

Here, all factors weigh in favor of dismissal. Plaintiff failed to file an amended complaint despite a clear warning from the court that this case could be dismissed for failure to comply with the Order. Plaintiff has also failed to make any filings in this case for well over a year. Plaintiff's failure to move this matter along interferes with the judicial process, and his culpability in failing to prosecute this matter is high. There appears to be no effective lesser sanction, and there would be no actual prejudice to Defendants where they have not yet been served. In consideration of these factors and given that Plaintiff's failure to prosecute is

coupled with a failure to abide by the court's Order, the court finds that the circumstances in this case warrant dismissal.

## RECOMMENDATION

Based on Plaintiff's failure to prosecute this case and abide by the orders of this court, the court **RECOMMENDS** that the district judge **DISMISS** this case without prejudice.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. *See* Fed. R. Civ. P. 72(b)(2). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 22 July 2021.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah